UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANNA PEUSER,**

    **Plaintiff,**

v.                                                Case No: 6:19-cv-2098-Orl-28GJK

**WAL-MART STORES EAST, LP,**

    **Defendant.**

## ORDER

This case is before the Court *sua sponte*.

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Anna Peuser filed this case in state court in Volusia County, Florida, and Wal-Mart Stores East, LP (Wal-Mart) removed it to this Court. (Notice of Removal, Doc. 1).[1] In its Notice of Removal, Wal-Mart relies on 28 U.S.C. § 1332, asserting that subject-matter jurisdiction exists based on the parties' diverse citizenship. But the Court is unable to determine whether diversity jurisdiction exists.

Wal-Mart adequately alleges its own citizenship, explaining that it is a citizen of both Delaware and Arkansas because it is incorporated in Delaware and has its principal place of business in Arkansas. (Doc. 1 ¶ 13). But as to Peuser, the Notice of Removal initially

---

[1] In its first sentence, the Notice of Removal erroneously states that the case was removed from the circuit court in Osceola County, Florida. (See Doc. 1 at 1). It is apparent from the Complaint (Doc. 1-1) and the state court docket sheet (Doc. 1-3), however, that the case was removed from Volusia County, not Osceola County.

alleges that Plaintiff is a citizen of Florida and asserts that "[t]he Complaint alleges that plaintiff 'was and is a resident of Volusia County, Florida.'" (Id. ¶ 12 (purportedly quoting Compl. ¶ 2)). But the Complaint does not allege that Peuser "was and is a resident of Volusia County, Florida" as asserted in the Notice of Removal; instead, it alleges only that Peuser "*was* a resident of Debary, Volusia County, Florida," (Compl. ¶ 2 (emphasis added)). And after citing case law addressing domicile and residence, the Notice of Removal then states: "Accordingly, Plaintiff is a citizen of New Jersey for purposes of determining diversity of citizenship." (Doc. 1 ¶ 12). The preceding paragraph of the Notice also refers to New Jersey. (See id. ¶ 11 (asserting that "no properly joined and served defendant is a citizen of New Jersey")).

In short, Wal-Mart's jurisdictional allegations are inaccurate and contradictory. Thus, the Court cannot discern Peuser's citizenship.[2] But "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, it is **ORDERED** that **no later than Friday, November 15, 2019**, Wal-Mart shall file an amended notice of removal establishing this Court's subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on November 5th, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] The Court is satisfied that the amount-in-controversy threshold of 28 U.S.C. § 1332 is met here based on Peuser's admission to Wal-Mart that she is seeking more than the threshold amount.

2