# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANNA PEUSER,

    Plaintiff,

v.                                          Case No 6:19-cv-2098-JA-GJK

WAL-MART STORES EAST, LP,

    Defendant.

_____

## ORDER

Anna Peuser brought this negligence action against Wal-Mart Stores East, LP, after she fell while shopping for plants at a Wal-Mart store. Wal-Mart now moves for summary judgment. (Mot., Doc. 31). Because there are genuine issues of material fact that cannot be resolved at the summary judgment stage, Wal-Mart's motion must be denied.

**I.    Background**

On April 21, 2017, Peuser went shopping at Wal-Mart store number 0563 in Orange City, Florida, with her son, Brian, and son-in law, Michael. Peuser—seventy-four years old at the time—walked into the store using a cane, (Peuser Dep. at 12, 83), and then, at Michael's suggestion, obtained a motorized scooter at the front of the store and rode it around while the three shopped, (id. at 89).

After spending about an hour shopping for groceries, Peuser, consistent with her usual routine, said, "[L]et's go to the garden shop." (Id. at 79, 95–96).

Once in the garden center of the Wal-Mart, Peuser saw a plant that she was interested in displayed on the top shelf of an "extremely tall" rack—taller than she had seen before. (Id. at 102, 103, 106–07, 161). The rack was on wheels—which did not lock—and was six to seven feet tall. (Caples Dep., Doc. 31-2, at 11, 27; Smith Dep., Doc. 34-1, at 10; see also Lewis Dep., Doc. 31-4, at 13–14). Peuser "didn't pay attention to the wheels." (Peuser Dep. at 107, 144, 160). After Peuser drove the scooter near the rack, she got up "[t]o try to reach for" the plant. (Id. at 106; see also id. at 99 (stating that she "stepped out of the scooter to reach for the display for the plants")). She leaned on the rack with her left arm while reaching for the plant with her right arm. (Id. at 109). At that point the rack "just rolled right back" two or three feet, away from her body, and "[d]own [she] went." (Id. at 110). She fell to the concrete floor, broke her left femur and left wrist, and injured her right ring finger. (Id. at 39–41).

According to Wal-Mart employees deposed by Peuser, the rolling racks in the garden center are wheeled in by the plant vendors who deliver the plants. (See Caples Dep. at 11–12; Lewis Dep. at 10–11). Wal-Mart employees typically move the plants from the rolling racks to low, stationary, unwheeled resin tables for display, but often not immediately upon delivery. (See Caples Dep. at 11–13; Lewis Dep. at 15–16). Customers are allowed to grab plants directly from

the rolling racks; indeed, some customers intentionally shop the just-delivered rolling racks because of the freshness of those plants. (Caples Dep. at 14; see also Lewis Dep. at 25). Assistant manager Nicole Smith testified in her deposition that after plants have been on display for a while and become less fresh, they are offered for a reduced price as part of Wal-Mart's "Customer Value Program" and are placed back onto one of the rolling racks for display. (Smith Dep. at 9–10). According to Smith, the plant that Peuser was reaching for when she fell was on the Customer Value Program rack. (Id. at 9, 35).

Peuser filed this lawsuit in state court in 2019, (Doc. 1-1 at 4–6), and Wal-Mart removed it to this Court based on diversity jurisdiction, (Doc. 1). In her lone claim, which arises under Florida law, Peuser contends that Wal-Mart negligently maintained its premises by employing a display rack with unlocked wheels in the garden center and that Wal-Mart failed to warn her and other customers of the dangerous condition created by the wheeled display rack. Wal-Mart now moves for summary judgment. (Mot., Doc. 31; see also Pl.'s Resp., Doc. 34).[1]

## II. Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Wal-Mart did not file a reply, though one is permitted by the Case Management and Scheduling Order entered in this case. (See Doc. 16 at 6).

judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting Anderson, 477 U.S. at 251–52).

"Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation." Croley v. Matson Navigation Co., 434 F.2d 73, 75 (5th Cir. 1970)[2] (quoting Wright, Federal Courts 412 (2d ed. 1970)). Although "it would be a mistake to conclude that summary judgment is

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent Fifth Circuit decisions handed down as of September 30, 1981.

4

never appropriate in a negligence action, . . . the circumstances in which it is proper are rare." Id.; accord Gomez Cruz v. Wal-Mart Stores East, LP, 268 So. 3d 796, 800 (Fla. 4th DCA 2019) ("[M]otions for summary judgment should be cautiously granted in negligence actions." (quoting Gonzalez v. B & B Cash Grocery Stores, Inc., 692 So. 3d 297, 299 (Fla. 4th DCA 1997))); Moultrie v. Consol. Stores Int'l Corp., 764 So. 2d 637, 639 (Fla. 1st DCA 2000) ("Particular caution should be exercised in granting summary judgment in negligence actions."); Suarez v. Panera, LLC, Case No. 10-20854-CIV-Jordan, 2011 WL 13220164, at *2 (S.D. Fla. Mar. 3, 2011) (denying summary judgment motion "because negligence is, first and foremost, a fact-specific claim and, second, an action in which courts rarely grant summary judgment").

## III. Discussion

Wal-Mart argues that it is entitled to summary judgment because it "did not owe [Peuser] a duty to protect or warn of the danger of injury associated with leaning and attempting to support herself on the wheeled plant cart due to the obvious nature of the potential danger" and because Peuser's "own negligent act of leaning on the plant cart [was] the sole proximate cause of the incident." (Doc. 31 at 7). But the Court cannot determine from the summary judgment record whether use of the wheeled cart as a display on the sales floor created a dangerous condition or whether any such danger was "obvious." These issues,

5

as well as whether and to what extent Peuser was comparatively negligent, are factual issues for resolution by a jury.

Under Florida law, business owners owe their invitees "a duty to 'use reasonable care to maintain the premises in a reasonably safe condition' and a duty to give 'the invitee warning of concealed perils which are or should have been known to [it], and which are unknown to the invitee and could not be discovered by the invitee even if he exercised due care.'" Greene v. Twistee Treat USA, LLC, 302 So. 3d 481, 483 (Fla. 2d DCA 2020) (alteration in original) (quoting Williams v. Madden, 588 So. 2d 41, 43 (Fla. 1st DCA 1991)). "When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." Gomez Cruz, 268 So. 3d at 800 (quoting Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574, 578 (Fla. 5th DCA 2005)). Such is the case here.

Peuser contends that use of the tall, wheeled plant rack as a display created a dangerous condition, and she has presented evidence—including the opinion of a retail industry consultant—supporting that position. (See Balian Aff., Doc. 34-2, at 3 (opining that Wal-Mart created a dangerous condition by

6

allowing the wheeled plant racks on the sales floor without securing them)). Wal-Mart has not established that it is entitled to summary judgment.

As Florida courts have noted, "even when a dangerous condition is open and obvious, the [owner or] occupier of the premises is not excused from its duties to protect or warn invitees if it reasonably should anticipate that the condition poses an unreasonable risk of harm to the invitee notwithstanding the obvious nature of the condition." Greene, 302 So. 3d at 484. "This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display . . . ." Id. (quoting Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309, 1311 (Fla. 1986)); see also Moultrie, 764 So. 2d at 638 (noting, in reversing summary judgment for the defendant store, that "a store arranges its displays for eye appeal" and that the appellant did not see the wooden pallet on which she tripped because she "was focused on purchasing a vacuum cleaner that was positioned on a shelf approximately four to five feet off the floor"). And "[a] plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment." Fenster v. Publix Supermarkets, Inc., 785 So. 2d 737, 739 (Fla. 4th DCA 2001).

Peuser testified in her deposition that she did not pay attention to the wheels on the rack as she was looking at the top shelf where the plant she

7

fancied was on display. This case, like most negligence cases, is replete with issues of fact that must be resolved by a jury. See, e.g., Harrell v. Beall's Dep't Store, Inc., 614 So. 2d 1142, 1143 (Fla. 2d DCA 1993) (reversing grant of directed verdict for defendant in case involving falling earring display, noting that "the resolution of whether the display was . . . unstable[] or otherwise capable of causing injury for any reason attributable to [the defendant] was a function which should have remained with the jury"); Winn-Dixie Stores, Inc. v. Miller, 220 So. 2d 680, 682 (Fla. 4th DCA 1969) (affirming denial of directed verdict where the plaintiff tripped over a display box in the defendant's store, noting in part that "the condition was permitted by the defendant to exist in an area of its store where it should reasonably have expected a customer's vision to be diverted away from the floor").

## IV. Conclusion

Accordingly, it is **ORDERED** that Defendant's Motion for Final Summary Judgment (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 4, 2021.

                                        JOHN ANTOON II
                                     United States District Judge

Copies furnished to:
Counsel of Record